NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4368
_____

UNITED STATES OF AMERICA

v.

MARY LU FRANKOVIC,

Appellant
_____

On Appeal from the United States District Court
for the District of Western Pennsylvania
(D.C. No. 2-08-cr-00280-001)
District Judge: Hon. Nora B. Fischer

_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: February 16, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

At issue in this appeal is whether the District Court committed a procedural error during sentencing in this case. Appellant Mary Lu Frankovic contends that the District Court failed to apply the proper legal framework when ruling upon her motion for a

"departure" within, or a "variance" from, the United States Sentencing Guidelines ("Guidelines"), and urges us to remand for resentencing. We disagree, and will affirm.

I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a).

We give great deference to a district court's factual findings during a sentencing hearing, United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008), but whether a district court committed a procedural error in sentencing is a question of law we review de novo, cf. United States v. Lofink, 564 F.3d 232, 237 (3d Cir. 2009).

II.

Appellant Mary Lu Frankovic pleaded guilty to various fraud-related offenses, and was sentenced to a split term of prison and supervised release. During the sentencing hearing, her attorney asked the court for a variance, as well as a departure, from the Guidelines' recommended sentence: "We believe a downward variance or a departure under the amended guidelines is clearly appropriate based on Ms. Frankovic's mental illness . . ." (App. 193.)

At the conclusion of the hearing, the District Court first addressed the request for a variance. It stated that, "after considering all the facts of record and the factors under Section 3553(a), including the policy statements, as well as the recent amendments that now pertain[] to this case, the Court will not vary from the advisory guideline range." (App. 207, 208) ("I will not vary based on the mental and emotional health conditions.").

The Court next addressed the request for a downward departure. The Court ruled out any departure based upon mental incapacity (App. 211), and any departure based upon mental and emotional conditions (App. 212), stating that "all together, I don't believe a departure under the newly revised guideline is warranted" (App. 213). The Court then

imposed the Guidelines' recommended sentence.

## III.

The Appellant contends that the District Court failed to apply the proper legal framework, thereby tainting her sentence with procedural error, when ruling upon her motion for a departure or a variance. We disagree. In United States v. Brown we set forth the procedural framework that guides courts' rulings upon variances and departures:

> We expressly distinguish between departures from the guidelines and variances from the guidelines. Departures are enhancements of, or subtractions from, a guidelines calculation based on a specific Guidelines departure provision. These require a motion by the requesting party and an express ruling by the court. Variances, in contrast, are discretionary changes to a guidelines sentencing range based on a judge's review of all the [18 U.S.C.] § 3553(a) factors and do not require advance notice. District courts should be careful to articulate whether a sentence is a departure or a variance from an advisory Guidelines range.

578 F.3d 221, 225-226 (3d Cir. 2009) (internal quotations and citations omitted). We are satisfied that the District Court in this case followed the procedures Brown described. The Court ruled first upon the variance, making findings of fact framed by the judge's review of the § 3553(a) factors. Then, separately, the Court made an "express ruling" upon the departure, as Brown requires. See id. at 225. The Court concluded by heeding Brown's warning to "be careful to articulate" its rulings on both the departure (App. 213) and the variance (App. 212) before announcing the sentence in this case. See 578 F.3d at 226. For those reasons, we are convinced that the Appellant's sentence is procedurally sound.

*****

We conclude that there was no procedural error in the sentencing proceeding in this case. The judgment of the District Court will be AFFIRMED.

3